IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDDIE J. RICHARDS, AIS # 233735, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-154-WKW |
| | ) | [WO] |
| KELLY RICHARDSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Eddie J. Richards,[1] an inmate in the custody of the Alabama Department of Corrections (ADOC), filed this *pro se* 42 U.S.C. § 1983 action. (Doc. # 1.) Based upon the court's review of the complaint, this action will be transferred to the United States District Court for the Northern District of Alabama.

Venue for actions arising under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Also known as Eddie James Richards, Jr.

When an action is filed in the wrong district, the district court may either dismiss the action or, in the interest of justice, transfer it to the district where it could have been brought.  *See* 28 U.S.C. § 1406(a).

In his complaint, Plaintiff does not allege any conduct that occurred in the Middle District of Alabama or provide any reason why venue is proper in the Middle District of Alabama.  Instead, his allegations pertain to events that occurred at Bibb Correctional Facility in Brent, Alabama.  Bibb Correctional Facility is located in the Northern District of Alabama.  Additionally, Plaintiff names Sergeant Kelly Richardson and Lieutenant Andrew Cutts, Jr. as Defendants and provides the address of Bibb Correctional Facility for these Defendants.  There are no allegations indicating that any Defendant resides in the Middle District of Alabama.  Furthermore, Plaintiff's complaint was filed on a civil rights complaint form from the United States District Court from the Northern District of Alabama.  Therefore, under 28 U.S.C. § 1391(b), the proper venue for this action is the Northern District of Alabama.

Accordingly, it is ORDERED that this action is TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. §§ 1391(b) and 1406(a).

The Clerk of Court is DIRECTED to take the necessary steps to effectuate the transfer of this action.

2

DONE this 10th day of March, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE